■ MARGARET MELANDER et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claims Nos. 41641, 41642.) — *Per Curiam.* Appeal by the State of New York from a judgment of the Court of Claims awarding damages in the sum of $16,557 for the appropriation in fee of 7.757 acres of land for highway purposes and 0.190 acre for use as a temporary easement for a period of about 26 months. Claimants owned 174.25 acres of farmland situate in the Town of Malta, Saratoga County of which 110.95 acres were devoted to the commercial production of apples. The taking in fee was carved out of 25 acres of prime orchard land which yielded about 90% of claimants' total apple crop and reduced the productive capacity of that acreage by about 65%. The easement appropriated resulted in the destruction of nine additional trees. The parties were in accord and the court found that the highest and best use of the subject property both before and after the appropriations was commercial orcharding. Claimants' only expert witness based his estimate of direct damages upon a loss of net annual income of $2,000 accruing from the parcel taken in fee which he projected by the process of multiplication over the productive life of the trees, computed to be an additional 15 years, for a total damage figure of $30,000. His estimate for the appropriation of the temporary easement was $1,500, valuing the trees destroyed at roughly $100 each. He found that no consequential damage had been sustained. To conform to his result a before value of $65,000 and an after value of $33,500 were found. The State's appraiser employed a market data approach computing the direct damage to be $3,900; the consequential damages to land and buildings were estimated at $1,850 and the rental value of the temporary taking at $150 for a total of $5,900. To the parcel taken in fee he ascribed a value of $500 per acre. His before and after values were respectively $69,400 and $63,500. The Court of Claims rejected, as legally erroneous, claimants' method of arriving at the value of the direct damages and also that employed by the State since, as would have been proper in this case, its witness failed to consider, as a factor bearing upon the market value of the land taken, the fact that a growing and profitable horticultural operation was conducted thereon. (See *Troy Housing Auth.* v. *Clemente Bros.,* 4 A D 2d 804, mot. for lv. to app. den. 4 N Y 2d 674.) The trial court then found

the per acre value of the parcel from which the appropriation was made to be $1,000. We find no evidence in this case to sustain the unit acreage value found by the court which, of course, was reflected in its computation of direct damages, materially influenced its calculation of consequential damages to the remainder of the 25-acre tract and raised its before value above that of the opposing parties. Moreover, in computing consequential damages to the structural improvements connected with the operation of claimants' business the trial court purportedly adopted defendant's preappropriation cost figure of $6,900 to which was applied a one-third loss factor yielding a sum of $2,300. While defendant's expert found the total value of the structural improvements to be $19,000 he made no attempt at allocating any part of that total sum to those used in the conduct of the business and the figure used by the court does not otherwise appear in the record. Absent supportive proof the trial court's findings must be deemed to have been based solely upon its subjective judgment and cannot be sustained. (*Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428, 432–433.) Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Herlihy, J. P., Reynolds, Taylor, Aulisi and Staley, Jr., JJ., concur.